IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN W. COLLEY, by and through his Attorney-in-Fact John R. Colley, *et al*, </br></br>Plaintiffs, </br></br>vs. </br></br>CITY OF ORANGE BEACH, ALABAMA, *et al*, </br></br>Defendants. | )</br>)</br>)</br>)</br>)</br>)  Civil Action No. 25-00346-KD-N</br>)</br>)</br>)</br>)</br>) |

## ORDER

In August 2025, Plaintiffs John W. Colley, by and through his Attorney-In-Fact John R. Colley, John R. Colley, and Kelly C. Colley filed their Complaint pursuant to 42 U.S.C. § 1983 (doc. 1). They allege violations of Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and the First, Fourth, and Fourteenth Amendments to the U.S. Constitution.

On October 20, 2025, Defendants Anthony Kennon and Joey Brown moved the Court to dismiss Count VII of the Complaint on grounds that Plaintiffs fail to state a claim upon which relief can be granted (doc. 27). In Count VII, Plaintiffs alleged that Kennon, Brown, and William R. Wilkes had violated their First Amendment rights.

Also on October 20, 2025, Defendants Brandon Bordelon, Alisa Dixon, River Devoe, and City of Orange Beach filed their answer (doc. 28). To date, no other Defendant has answered or otherwise responded to the Complaint.

On October 27, 2025, Plaintiffs filed their First Amended Complaint (doc. 36). Plaintiffs eliminated all claims of violation of the First Amendment and now allege in Count VII, that Kennon, Brown, and Wilkes violated their due process rights under the Fourteenth Amendment.

Pursuant to Fed. R. Civ. P. 15(a)(1)(B), a "party may amend its pleading once as a matter of course no later than 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier".  By filing their First Amended Complaint on October 27, 2025, within 21 days of the Answer and Motion to Dismiss filed October 20, 2025, Plaintiffs timely amended their Complaint "once as a matter of court".

Accordingly, the First Amended Complaint is now the operative pleading and the Motion to Dismiss is denied as MOOT because it is not directed to the operative complaint.  See Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("Under both Alabama and federal law, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case.") (citations omitted); Goodwin v. Strickland Paper Co., Inc., No. 2:22-CV-1486 AMM, 2023 WL 12143308, at *2 (N.D. Ala. Nov. 28, 2023) (denying as moot Strickland's motion to dismiss the original complaint because it was no longer directed at the operative pleading); Wilson v. Johnson, No. 2:23-CV-354-TFM-N, 2023 WL 7388932, at *1 (S.D. Ala. Nov. 8, 2023) (same).

**DONE** and **ORDERED** this 29th day of October 2025.

s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**