IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN W COLLEY, *by and through his Attorney-in-Fact, John R. Colley*, *et al.*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CIVIL ACTION NO. 1:25-00346-KD-N |
| | ) |
| CITY OF ORANGE BEACH, ALABAMA, *et al.*, | )<br>) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This civil action is before the Court on the "Motion to Dismiss" under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction filed November 3, 2025, by Defendants Encore Rehabilitation, Inc. and David Nix (Doc# 40), which Defendant Ryan Forbess, M.D. separately joined that same day (*see* Doc# 42).[1] The assigned District Judge has referred said motion and joinder to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (11/3/2025 electronic reference notations). Upon due consideration, the undersigned finds that the motion is due to be **DENIED**, without the need for a response from the Plaintiffs.

The Movants argue that the operative complaint (Doc# 36) asserts only state law causes of action against them in their capacity as health care providers, that

---

[1] The parties to the present motion are collectively referred to herein as "the Movants."

these claims are governed by the Alabama Medical Liability Act (AMLA), and that all relevant acts and/or omissions underlying those claims occurred in Baldwin County, Alabama. Therefore, according to the Movants, this Court lacks subject-matter jurisdiction over those claims by virtue of Code of Alabama § 6-5-546, which states, in relevant part: "***In any action for injury or damages*** or wrongful death whether in contract ***or in tort against a health care provider based on a breach of the standard of care, the action <u>must</u> be brought in the county wherein the act or omission constituting the alleged breach of the standard of care by the defendant actually occurred***" (all emphasis Movants'). As the Movants see it, under § 6-5-546 "the claims brought against [them] in this lawsuit are ***required*** to be brought in Baldwin County Circuit Court." (Doc# 40, PageID.345 (emphasis Movants').

Even accepting the Movants' characterization of the Plaintiffs' claims against them for purposes of the present motion, the undersigned disagrees that § 6-5-546 deprives this Court of subject-matter jurisdiction over those claims. The Movants have cited no authority suggesting that § 6-5-546 implicates even state courts' subject-matter jurisdiction, much less that of federal courts. Rather, Alabama case law treats § 6-5-546 as implicating venue, *see, e.g.*, *Ex parte Kennedy*, 656 So. 2d 365, 368 (Ala. 1995) (per curiam); *Ex parte Premier Plastic Surgery, P.C.*, 372 So. 3d 195, 199 (Ala. 2022), which is a defense to be raised in a motion to dismiss under Rule 12(b)(3), not Rule 12(b)(1). However, § 6-5-546 does not govern venue here. When a case is commenced in federal court, as this one was, federal venue statutes, not state

2

ones, control. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55, 134 S. Ct. 568, 187 L. Ed. 2d 487 (2013) ("Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of *federal* venue laws…" (emphasis added)).

And even if § 6-5-546 implicates subject-matter jurisdiction in state courts, that state law cannot do so for federal courts. This is because

> [a] defense rooted in state law cannot define the jurisdiction of the federal courts, which derives from the Constitution and acts of Congress. *See* U.S. Const. Art III, §§ 1–2 (vesting "[t]he judicial Power of the United States" in "one supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish," and providing that "[t]he judicial Power shall extend" to specified "Cases" and "Controversies"); *Sheldon v. Sill*, 49 U.S. 441, 448–49, 8 How. 441, 12 L. Ed. 1147 (1850) (explaining that Congress is responsible for creating the inferior federal courts and defining their jurisdiction). "[I]n delineating the boundaries of its jurisdiction and powers," a federal court "looks to the U.S. Constitution, federal statutes, U.S. Supreme Court precedent, and the precedent of the relevant federal circuit court—but not to state statutes or state precedents." Bryan A. Garner et al., *The Law of Judicial Precedent*, § 65, at 551 (2016).

*Green v. Graham*, 906 F.3d 955, 964 (11th Cir. 2018) (holding that Alabama state-law immunity defense, which was jurisdictional in state courts, was not jurisdictional in federal court, and was therefore forfeited for being raised on appeal for the first time at oral argument).

The present motion offers no other grounds challenging the Court's subject-matter jurisdiction over the claims against the Movants, and the undersigned is satisfied from the current record that such jurisdiction exists. The operative complaint asserts a number of causes of action under federal laws, thereby conferring

3

"federal question" original jurisdiction over those claims under 28 U.S.C. § 1331.[2] And when a district court has original jurisdiction over at least one claim, it generally "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." 28 U.S.C. § 1367(a). "One such circumstance [for exercising supplemental jurisdiction] is when the state claims arise out of a common nucleus of operative fact with a substantial federal claim." *Silas v. Sheriff of Broward Cnty., Fla.*, 55 F.4th 863, 865 (11th Cir. 2022) (quotation omitted). Here, the operative complaint's claims against the Movants in Counts XI and XII, as well as the federal claims in Count VII, are all based on events occurring at the same August 25, 2023

---

[2] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also, e.g.*, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quotation omitted).

high school football in which John W participated, and all rely on many of the same facts. (*Compare* Doc# 36 ¶ 259, PageID.294 (incorporating "paragraphs 84-141" from the "Statement of Facts" into Count VII), *with id.* ¶¶ 330, 350, PageID.311, 316 (incorporating "paragraphs 84-119" from the "Statement of Facts" into Counts XI and XII)). There are no grounds presently apparent for finding that the Court is improperly exercising § 1367 supplemental jurisdiction over the state law claims against the Movants.

In accordance with the foregoing analysis, the undersigned **RECOMMENDS** that the Movants' Rule 12(b)(1) motion to dismiss (Doc# 40) be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1*,* "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **5th** day of **November 2025**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**