# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN W COLLEY, *by and through his Attorney-in-Fact, John R. Colley*, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 1:25-00346-KD-N ) |
| CITY OF ORANGE BEACH, ALABAMA, *et al.*, Defendants. | ) ) ) ) |

## ORDER

This civil action is before the Court on the "Amended Motion to Withdraw as Plaintiffs' Counsel" filed October 27, 2025, by attorney Kyle David Sawyer, Esq., of McPhillips Shinbaum, LLP in Montgomery, Alabama, who has served as the sole counsel of record for the Plaintiffs since the commencement of this case (Doc# 38).[1] The motion represents that Sawyer is leaving the private practice of law for a job with the State of Alabama's Administrative Office of Courts, that he has notified his clients of his intent to withdraw in this case and served a copy of the present motion on them, and that they do not object to his being permitted to withdraw.

Under S.D. Ala. Civil Local Rule 83.2(h), "[u]nless disbarred or suspended, attorneys shall be held at all times to represent the parties for whom they appear of record in the first instance until, after formal motion and notice to such parties and

---

[1] The assigned District Judge has referred said motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (10/27/2025 electronic reference notation).

to opposing counsel, they are permitted by order of the Court to withdraw from such representation." Upon due consideration, the undersigned finds that Sawyer has shown good cause to be permitted to withdraw as counsel for the Plaintiffs in this action. Accordingly, Sawyer's amend motion to withdraw (Doc# 38) is **GRANTED**, and the Clerk of Court is **DIRECTED** to administratively terminate Sawyer as counsel of record for the Plaintiffs.

No substitute counsel has yet entered an appearance for the Plaintiffs. Plaintiffs John R. Colley ("John R") and Kelly C. Colley ("Kelly") may proceed without counsel (i.e. *pro se*) in this action. However, the records of this Court do not show either John R. or Kelly as being an attorney admitted to practice here, *see* S.D. Ala. GenLR 83.3, and a review of the Alabama State Bar's online "Find a Member" tool (https://members.alabar.org/member_portal/member-search) shows no record of a "John Colley" or "Kelly Colley." Thus, John R and Kelly may each litigate this case only on his or her own behalf; one may not act as counsel for the other. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); S.D. Ala. General Local Rule 83.2 ("Unless appearing *pro se* or through counsel under General Local Rule 83.3(f) or (g), all parties to proceedings in this Court must appear by an attorney admitted to practice in this Court. Only natural persons may appear *pro se*."); *Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979) (per curiam) (" 'There is no constitutional guarantee that non-attorneys may represent other people in litigation.' " (quoting

*Guajardo v. Luna*, 432 F.2d 1324, 1324 (5th Cir. 1970) (per curiam));[2] *Deutsche Bank Nat'l Tr. Co. as Tr. for home equity mortgage loan asset-backed trust series inabs 2006-A, home equity mortgage loan asset-backed certificates series inabs 2006-A v. Thomason*, No. 24-13965, 2025 WL 2489515, at *1 n. 1 (11th Cir. Aug. 29, 2025) (per curiam) (unpublished) ("Although the notice of appeal lists Thomason and his daughters as appellants, Bre and Norcisse Thomason never intervened as parties to this case and only Thomason signs his pro se briefs. To the extent that Thomason seeks to represent his daughters in this appeal, that is improper.").

John R and Kelly are hereby put on notice that, unless and until they obtain new counsel, each bears the sole responsibility of litigating this case on his or her behalf, which includes timely responding to the Defendants' motions and discovery requests, following the Court's orders, and complying with all applicable laws and rules of procedure. *See* S.D. Ala. GenLR 83.5(a) ("All persons proceeding pro se [without counsel] shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil and Criminal Procedure, unless excused by Court order."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)); *Moon v.*

---

[2] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

3

*Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se*…litigant is in court, [s]he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."). Their failure to prosecute this case and/or obey applicable rules and court orders may result in dismissal of their claims. *See* Fed. R. Civ. P. 41(b) (allowing for dismissal of an action if a "plaintiff fails to prosecute or to comply with these rules or a court order"); S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law.").

The operative complaint (Doc# 36) states that John W. Colley ("John W") is being represented "by and through his [father and ]Attorney-in-Fact John R. Colley." While John W is alleged to be "over the age of nineteen years," and is therefore not a "minor" under Federal Rule of Civil Procedure 17(c), the allegations in the complaint, and the inclusion of a copy of John W's "General (Durable) Power of Attorney" as an exhibit to the complaint, indicate that John W is an "incompetent person" on whose behalf John R. is serving as representative under Rule 17(c). However, Rule 17(c) "does not confer any right upon such representatives to serve as legal counsel[,]" nor does § 1654. *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir. 1997), *overruled in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). *Accord Warner v. Sch. Bd. of Hillsborough Cnty., Fla.*, No. 23-12408, 2024 WL 2053698, at **2-3 (11th Cir. May

8, 2024) (per curiam) (unpublished) (holding that panel was "bound by our holding in *Devine*" that "neither 28 U.S.C. § 1654 nor Federal Rule of Civil Procedure 17(c)… permits a parent to represent his or her child *pro se* in federal court"). *See also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity" (citing cases)). This is true even if the representative has "power of attorney" over the individual, as John R appears to have over John W.[3] Therefore, John R can litigate as John W's representative in this action only through an attorney licensed to practice in this Court.

Upon due consideration, it is **ORDERED** that one of the following must occur no later than **DECEMBER 12, 2025**:

1. New counsel for John R as representative of John W must file a notice of appearance in this action; or

2. John R must file a written statement setting out the status of his efforts to

---

[3] *See Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001) (non-attorney claiming to be "attorney-in-fact" could not represent others); *Yoder v. Dist. Att'y Montgomery Cnty.*, 790 F. App'x 478, 481 (3d Cir. 2019) (per curiam) (unpublished) ("as we have repeatedly explained to Yoder, an individual proceeding pro se may not represent third parties in federal court, and a power of attorney is insufficient by itself to allow a non-lawyer to litigate on behalf of another"); *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (per curiam) (unpublished) ("Faison Williams's power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court." (citing *Powerserve Int'l*, 239 F.3d at 514)); *In re Radogna*, 331 F. App'x 962, 964 (3d Cir. 2009) (per curiam) (unpublished) ("Radogna's power of attorney may have conferred certain decision-making rights under state law, but it does not allow him to litigate *pro se* on behalf of his mother in federal court." (citing *Powerserve Int'l*, 239 F.3d at 514)).

obtain new counsel, along with an estimation of the additional amount of time needed to obtain counsel.

Failure to comply with this directive may result in the dismissal of the claims John R is asserting as representative of John W.

Sawyer's motion to withdraw also requests that the Court "permit Plaintiffs reasonable time to retain new legal representation[,] and modify any current deadlines as deemed necessary pursuant to Rule 16 and other rules of the Federal Rules of Civil Procedure." (Doc# 38, PageID.332). At present, only three defendants have responded to the recently-filed First Amended Complaint by filing a motion to dismiss (Docs# 40, 42). However, on this date the undersigned has entered a recommendation to deny that motion without the need for a response from the Plaintiffs. (*See* Doc# 46). **To allow the Plaintiffs time to retain new counsel, *for now* the Plaintiffs' obligations to file any required responsive pleading or to respond to any motion are STAYED unless otherwise expressly ordered.** Under Federal Rule of Civil Procedure 16(b)(2), the undersigned also finds good cause to delay entry of a scheduling order in this action for a reasonable amount of time for the Plaintiffs to attempt to retain new counsel, to allow for all defendants to answer or otherwise respond to the operative complaint, and to permit resolution of any other motions to dismiss the operative complaint.

To the extent any defendants remain unserved, the Plaintiffs are given notice of the time limits for service in Federal Rule of Civil Procedure 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on

6

its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."). At present, however, the undersigned declines to extend or stay any pending Rule 4(m) deadline. Except as otherwise noted above, the undersigned also declines in this order to extend or stay any other pending deadline.

The Clerk of Court is **DIRECTED** to update the docket to reflect that the Plaintiffs are now proceeding *pro se* using the contact information provided by Sawyer in the present motion (Doc# 38, PageID.332). The Clerk of Court is further **DIRECTED** to send the Plaintiffs, collectively:

1. a copy of this Order by certified U.S. mail with return receipt; and

2. the following by standard first-class U.S. mail:

   a. A copy of this Order;

   b. A copy each of the motion to dismiss filed November 3, 2025 (Doc# 40), the separate joinder in that motion (Doc# 42), and the Report and Recommendation recommending denial of the motion (Doc# 46);

   c. A current copy of the docket sheet; and

   d. a copy of this Court's *pro se* litigant guide.[4]

---

[4] The guide, along with other useful information for persons proceeding *pro se*, may also be downloaded from the Court's website at: https://www.alsd.uscourts.gov/filing-without-attorney

## NOTICE TO *PRO SE* PLAINTIFF

Documents filed by *pro se* parties must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted). Each Plaintiff is advised that "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil … Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). S*ee also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se*…litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)). For instance, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally and provide that party's "address, e-mail address, and telephone number." *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). Unless and until a Plaintiff registers with the Clerk of Court to electronically file with the Court, *see*

Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2019) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf); Fed. R. Civ. P. 5(d)(3), that Plaintiff must <u>handwrite</u> his or her signature in order to satisfy Rule 11(a).[5] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Repeated failures to follow this or any other court rule or order may result in additional sanctions, up to and including dismissal of this action. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may dismiss an action on its own motion as a sanction for failure to obey rules and orders, under both Federal Rule of Civil Procedure 41(b) and the court's inherent authority); *Moon*, 863 F.2d at 837 ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change of address … Failure to comply with this Rule may result in sanction,

---

[5] *See Becker v. Montgomery*, 532 U.S. 757, 763–64, 121 S. Ct. 1801, 149 L. Ed. 2d 983 (2001) ("Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction…[H]owever, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).").

9

including dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.[6]

**DONE** and **ORDERED** this the **10th** day of **November 2025**.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] The Court's Local Rules and standing orders can be accessed at: https://www.alsd.uscourts.gov/court-info/local-rules-and-orders